UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ALLSTATE INSURANCE COMPANY, et al.,

                                                **Plaintiffs,**

                                  -against-

**LAZAR YADGAROV, et al.,**

                                              **Defendants.**
-----------------------------------------------------------------x

                             **MEMORANDUM**
                             **AND ORDER**

                             **11-CV-6187 (KAM)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       Currently pending before the Court is a letter filed by plaintiffs Allstate Insurance Company et al. ("plaintiffs"), in which they "request permission to file a motion to serve Plaintiffs' Complaint by publication upon defendant Marifat Davlatkhonova (hereinafter 'Davlatkhonova') and for a sixty (60) day extension, until July 30, 2012, of the 120-day requirement to make the motion." Letter Motion for Service by Publication (May 29, 2012) ("Pl. Motion"), Electronic Case Filing Docket Entry ("DE") #100.[1] To the extent the Court is able to decipher what plaintiffs are seeking,[2] their request is granted in part only.

       Plaintiffs are directed to file their motion for service by publication, and for a further

---

[1] Although addressed to Judge Brodie, the application, which requests non-dispositive relief, is more appropriately directed to the undersigned magistrate judge.

[2] Although plaintiffs docketed their letter as a "Letter Motion for Service by Publication," and their letter argues the merits of such a motion, see Pl. Motion at 3, their letter also seeks permission to make such a motion. See id. at 1, 3. In addition, citing Rule 4(m) of the Federal Rules of Civil Procedure, plaintiffs confusingly request a "sixty (60) day extension, until July 30, 2012, of the 120-day requirement to make the motion." Pl. Motion at 1. There is no 120-day requirement with respect to such a motion. Rather, Rule 4(m) requires that a defendant be *served* within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). The complaint in this case was filed on December 21, 2011; the 120-day period ended on April 19, 2012. On May 4, 2012, in response to plaintiffs' request, this Court extended that deadline until June 1, 2012 with respect to two defendants, including Davlatkhonova. See Endorsed Order (May 4, 2012), DE #96.

extension of the deadline for service, no later than June 14, 2012. The motion must be supported by an affidavit or affidavits, on personal knowledge, specifying in detail what efforts have been made to obtain an updated address for Davlatkhonova, and when those efforts were undertaken. In the event those motions are granted, the Court will address the schedule for effecting such service.

       **SO ORDERED.**

**Dated:**    Brooklyn, New York
           June 6, 2012

                                      /s/ *Roanne L. Mann*
                                      **ROANNE L. MANN**
                                      **UNITED STATES MAGISTRATE JUDGE**