UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ALLSTATE INSURANCE COMPANY, :
ALLSTATE INDEMNITY COMPANY, :
ALLSTATE PROPERTY & CASUALTY : **ORDER ADOPTING**
INSURANCE COMPANY, ALLSTATE FIRE & : **REPORT AND RECOMMENDATION**
CASUALTY INSURANCE COMPANY, and :
NORTHBROOK INDEMNITY COMPANY, : 11-CV-6187 (PKC) (VMS)
 :
          Plaintiffs, :
 :
  -against- :
 :
**LAZAR YADGAROV**, **ARTHUR** :
**GULKAROV, MEDZANUN GULKAROV,** :
**GRISHA YADAROV, SULEYMAN** :
**FATTAKHOV,** BENZION KRAVIC, **EDI** :
**KALONTAROV, PINCHAS KALANTAROV,** :
OLGA GINDINOVA, **STELLA** :
**DRAGINSKAYA, ALBERT YAKUBOV,** :
VLADIMIR NAZAROV, **ALISHO** :
**FATTAHOV,** MARK DANILOVICH, :
**MIKHAIL BOGOMOLNY, ALBERT** :
**BABADZHANOV, FARID PEYSAKHOV,** :
**ELAZAR JUSUPOV, VLADIMIR** :
**VERBITSKY, UKTAM HATAMOV,** :
**MICHAIL RUBINOV, RUBEN LEVY, BORIS** :
**MOSHEYEV, ROBIN GAVRIELOV,** DANIL :
TROFIMOV, **JAMSHID SOLEIMANY-** :
**KASHI,** VLADISLAV AGUVAYEV, :
MICHAEL ZAVRAZHIN, KONSTANTIN :
MARKEVICH, VIKTORIYA FITSAYLO, :
RAFAEL MARKSUNOV aka Rafael Maksumov, :
MARGARITA AKMALOVA, MARIFAT :
DAVLATKHONOVA, OLEG SIMAKOV, :
GRIGOL APRESYANTSI, **A-QUALITY** :
**MEDICAL SUPPLY CORP., BRIGHT** :
**MEDICAL SUPPLY CORP., RANBOW** :
**SUPPLY OF N.Y., INC., COMFORT** :
**SUPPLY, INC., IDEAL MEDICAL SUPPLY,** :
**INC., WIOLLA MEDICAL SUPPLY, INC.,** :
METROPOLITAN MEDICAL SUPPLIES, **LLC,** :
**SKY MEDICAL MEDICAL SUPPLY, INC.,** :
**HEEL TO TOE FOOT CENTER, LLC,** GY :
MEDICAL SUPPLY, INC, ARMADA :

1

MEDICAL SUPPLY, INC., **SK PRIME MEDICAL SUPPLY, INC., NATIONAL MEDICAL & SURGICAL SUPPLY, INC.,** RIGHT AID MEDICAL SUPPLY CORP., GREENWAY MEDICAL SUPPLY CORP., ACTIVE CARE MEDICAL SUPPLY CORP., **BRAND MEDICAL SUPPLY, INC.,** COMPLETE EQUIPMENT, INC., **M&M COMPLETE EQUIPMENT, INC.,** EQUIPLUS, INC., **VILLAGE MEDICAL SUPPLY, INC., CMS MEDICAL SUPPLY, INC., U&R CITY SUPPLIES, INC., CORTLAND MEDICAL SUPPLY, INC., EXPO SUPPLY, INC, QUEST SUPPLY, INC., POWER SUPPLY INC., METRO 8 MEDICAL EQUIPMENT, INC., LINDEN EQUIPMENT, INC.,** METRO HEALTH PRODUCTS, INC, **XPRESS DISTRIBUTION, INC.,** FRAZIER TRADING COMPANY, INC., DEVONIAN, INC., MAJOR MARKET MERCHANDISE, INC., MEM WHOLESALE, INC., NEECOM DISTRIBUTORS, INC., ROPA, INC., VIRRA WHOLESALE, INC., VZ GROUP, INC., MEDCURE SUPPLIES, INC., AMERICAN MOBILITY MEDICAL, INC., HONO OFFICE SUPPLY, INC., WEST COAST, INC., A TO Z WHOLESALE, INC., BULLS EYE WHOLESALE, INC., GRIGOL SUPPLY, INC., ONE STOP WHOLESALE, INC., TNM WHOLESALE, INC., JOHN DOES 1 through 20, ABC CORPORATIONS 1 through 20, and RUSSELL IONIN,

     Defendants.[1]

---

PAMELA K. CHEN, United States District Court Judge:

  Plaintiffs Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company, Allstate Fire & Casualty Insurance Company, and Northbrook Indemnity Company (collectively, "Plaintiffs" or "Allstate") commenced this action against the

---

[1]  Plaintiffs have since settled their claims against Defendants whose names appear in the caption in bold type.

2

above-captioned Defendants, alleging that they were involved in separate but similar schemes to defraud Allstate through their involvement in the submission of false and/or fraudulent insurance claims on behalf of injured persons allegedly covered by New York's Comprehensive Motor Vehicle Insurance Reparations Act (the "No-fault Law"), N.Y. Ins. Law Art. 51. Plaintiffs brought their action pursuant to the United States Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, 1962(c) and 1964(c), and under New York State common law for fraud, unjust enrichment, and aiding and abetting a fraudulent scheme.

On July 26, 2013, Plaintiffs moved for default judgment against Defendants Mikhail Bogomolny ("Mr. Bogomolny"), Mark Danilovich and Olga Gindinova ("Ms. Gindinova") (collectively, the "Retail Owner Defendants"); Armada Medical Supply, Inc. ("Armada"), Complete Equipment, Inc., Equiplus, Inc., GY Medical Supply, Inc. ("GY Medical") and M&M Complete Equipment, Inc. ("M&M") (collectively, the "Retailer Defendants"), Vladislav Aguvayev, Margarita Akmalova, Grigol Apresyantisi, Marifat Davlatkhonova, Viktoriya Fitsaylo, Konstantin Markevich, Rafael Marksunov (aka Rafael Maksumov), Oleg Simakov and Michael Zavrazhin (collectively, the "Wholesale Owner Defendants"); and A to Z Wholesale, Inc., American Mobility Medical, Inc., Bulls Eye Wholesale, Inc., Devonian, Inc., Frazier Trading Company, Inc., Grigol Supply, Inc., Hono Office Supply, Inc., Major Market Merchandise, Inc., Medcure Supplies, Inc., MEM Wholesale, Inc., Neecom Distributors, Inc., One Stop Wholesale, Inc., Ropa, Inc., TNM Wholesale, Inc., Virra Wholesale, Inc., VZ Group, Inc. and West Coast, Inc. (collectively, the "Wholesaler Defendants") (in total, the "Subject Defendants").[2] (Dkt. 220.)

---

[2] Defendants who have neither been dismissed from this action nor are Subject Defendants in the motion for default judgment include Active Care Medical Supply, Inc., Greenway Medical

On October 11, 2013, the Gindinova Defendants moved to vacate the entry of default against her and the corporate entities associated with her, Armada and GY Medical. (Dkt. 250.)

On August 16, 2013, and February 7, 2014, respectively, the Court referred Plaintiffs' default motion and the Gindinova Defendants' motion to vacate to the Honorable Vera M. Scanlon for a Report and Recommendation ("R&R"). On February 10, 2014, Judge Scanlon issued an R&R recommending that: 1) Plaintiffs' motion for default judgment be deemed withdrawn as to Mr. Bogomolny and M&M; 2) the Clerk's entries of default against the Subject Defendants be vacated as moot; 3) Plaintiffs' motion as against the Subject Defendants (with the exception of Mr. Bogomolny and M&M) be denied as moot, with leave to renew if and after Plaintiffs obtain entries of default against the non-appearing Defendants based on the operative pleading; and 4) the Gindinova Defendants motion to vacate the entry of default against them be denied as moot. (R&R at 25-26.)

The R&R also noted:

"Plaintiffs' Amended Complaint—which, like the original Complaint, is over 360 pages long and appends over 2,500 pages of exhibits—names dozens of Defendants against whom Plaintiffs have already settled their claims. The Court is sympathetic to the obvious effort Plaintiffs put into their filings, but the failure to remove these Defendants from the amended pleading is both procedurally improper and burdensome to the Court. As discussed during the January 29, 2014 telephone conference, the Court requests that Plaintiffs remove from any future motions for default judgment any requests concerning Defendants against whom Plaintiffs have since settled their claims." (*Id*. at 25.)

Finally, the R&R properly informed the parties that any objections to the report must be filed within fourteen days of receipt of the report. (*See* R&R at 26 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008)).) Notice of the R&R was sent electronically to the parties via the court's electronic filing system on

---

Supply, Inc., Right Aid Medical Supply, Inc., Vladimir Nazarov ("Mr. Nazarov"), Metropolitan Medical Supplies, Inc., Benzion Kravic and Russell Ionin.

February 7, 2014, and the court mailed a copy of the R&R to the *pro se* defendants the same day. The statutory period for filing objections has expired, and to date, no objections have been filed. (*See generally* Docket No. 11-CV-6187.)

A district court reviews those portions of a report and recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . . ." 28 U.S.C. § 636(b)(1)(C). However, where no objections to the Report and Recommendation have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Based upon its review of the record and Judge Scanlon's well-reasoned and very thorough R&R, the Court finds no clear error and hereby affirms and adopts the R&R in its entirety as the opinion of the Court. Accordingly, 1) Plaintiffs' motion for default judgment is deemed withdrawn as to Mr. Bogomolny and M&M; 2) the Clerk's entries of default against the Subject Defendants are vacated as moot; 3) Plaintiffs' motion as against the Subject Defendants (with the exception of Mr. Bogomolny and M&M) are denied as moot, with leave to renew if and after Plaintiffs obtain entries of default against the non-appearing Defendants based on the operative pleading; and 4) Ms. Gindinova's motion to vacate the entry of default against the Gindinova Defendants is denied as moot. (*See* R&R at 25-26.) Further, Plaintiffs shall "remove from any future motions for default judgment any requests concerning Defendants against whom Plaintiffs have since settled their claims." (R&R at 25.)

The Clerk of the Court is respectfully directed to terminate Docket Entries 220 and 250, and to serve a copy of this Order upon the *pro se* defendants.

SO ORDERED:


 /s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: March 5, 2014
       Brooklyn, New York