UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ALLSTATE INSURANCE COMPANY, :
ALLSTATE INDEMNITY COMPANY, :
ALLSTATE PROPERTY & CASUALTY :
INSURANCE COMPANY, ALLSTATE FIRE & : **ORDER**
CASUALTY INSURANCE COMPANY, and :
NORTHBROOK INDEMNITY COMPANY, : No. 11 Civ. 6187 (PKC) (VMS)
 :
           Plaintiffs, :
 :
  -against- :
 :
VLADIMIR NAZAROV, MARK :
DANILOVICH, DANIL TROFIMOV, :
VLADISLAV AGUVAYEV, MICHAEL :
ZAVRAZHIN, KONSTANTIN MARKEVICH, :
VIKTORIYA FITSAYLO, RAFAEL :
MARKSUNOV aka Rafael Maksumov, :
MARGARITA AKMALOVA, MARIFAT :
DAVLATKHONOVA, OLEG SIMAKOV, :
GRIGOL APRESYANTSI, RIGHT AID :
MEDICAL SUPPLY CORP., GREENWAY :
MEDICAL SUPPLY CORP., ACTIVE CARE :
MEDICAL SUPPLY CORP., COMPLETE :
EQUIPMENT, INC., EQUIPLUS, INC., METRO :
HEALTH PRODUCTS, INC, FRAZIER :
TRADING COMPANY, INC., DEVONIAN, :
INC., MAJOR MARKET MERCHANDISE, :
INC., MEM WHOLESALE, INC., NEECOM :
DISTRIBUTORS, INC., ROPA, INC., VIRRA :
WHOLESALE, INC., VZ GROUP, INC., :
MEDCURE SUPPLIES, INC., AMERICAN :
MOBILITY MEDICAL, INC., HONO OFFICE :
SUPPLY, INC., WEST COAST, INC., A TO Z :
WHOLESALE, INC., BULLS EYE :
WHOLESALE, INC., GRIGOL SUPPLY, INC., :
ONE STOP WHOLESALE, INC., TNM :
WHOLESALE, INC., JOHN DOES 1 through 20, :
ABC CORPORATIONS 1 through 20, and :
RUSSELL IONIN, :
 :
           Defendants. :
------------------------------------------------------------ X

**Vera M. Scanlon, United States Magistrate Judge:**

1

Plaintiffs Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company, Allstate Fire & Casualty Insurance Company, and Northbrook Indemnity Company (collectively, "Plaintiffs" or "Allstate") move for discovery concerning Ms. Alena Kuturova-Pidgurskyy ("Ms. Kuturova-Pidgurskyy"), a non-party witness who Plaintiffs intend to question concerning the alleged spoliation of evidence in this case. Mot. for Discovery, ECF No. 407. Ms. Kuturova-Pidgurskyy is not represented by counsel[1] and, as described below, the Court understands her to be moving for an order of protection to excuse her from complying with Plaintiff's discovery requests and this Court's Orders. For the reasons stated herein, the Court (1) **grants in part and denies in part** Plaintiffs' motion for discovery, and (2) **defers** ruling on Ms. Kuturova-Pidgurskyy's motion for a protective order until discovery has been conducted and a hearing held.

## I. BACKGROUND

As this Court has previously noted, Ms. Kuturova-Pidgurskyy failed to appear for her September 29, 2014 and March 3, 2015 depositions. See Order, Mar. 11, 2015, ECF (describing the history of Ms. Kuturova-Pidgurskyy's noncompliance with Court Orders).[2] The Court ordered that Ms. Kuturova-Pidgurskyy sit for her deposition prior to April 17, 2015, and further ordered that she attend one of two spoliation hearing dates on April 17, 2015 and April 27, 2015. Order, Mar. 13, 2015, ECF. Since Ms. Kuturova-Pidgurskyy previously requested that the Court excuse her failure to attend the September 29, 2014 deposition based on an alleged medical condition related to her pregnancy, see Scheduling Order, Oct. 23, 2014, ECF; Scheduling Order,

---

[1] Although it was originally unclear whether Ms. Kuturova-Pidgurskyy was represented by Gregory Morvillo, Esq., see, e.g., Scheduling Order, Oct. 16, 2014, ECF, no attorney has appeared on Ms. Kuturova-Pidgurskyy's behalf.

[2] Plaintiffs also moved for sanctions against Ms. Kuturova-Pidgurskyy, Mot. for Attorney Fees, ECF No. 404; that motion will not be addressed in this Order.

Oct. 27, 2014, ECF, and she subsequently told Plaintiffs and Chambers that alleged childcare issues prevented her attendance at the March 3, 2015 deposition, see Mot. for Discovery at 2, the Court ordered that she provide a doctor's note to substantiate any request based on an alleged medical condition for further modification of the deposition and hearing schedule. Order, Mar. 13, 2015, ECF.

On March 17, 2015, Dr. Mikhail Tulchinskiy of Ability Mental Health Counseling, P.C., 102-30 Queens Boulevard, Forest Hills, New York 11375,[3] submitted a letter on Ms. Kuturova-Pidgurskyy's behalf. Tulchinskiy Letter, ECF No. 406. The Court has filed this letter under seal, accessible by the Court and case participants only, as it contains some personal medical information. Id. In relevant part, the letter states that, on March 15, 2015, Dr. Tulchinskiy diagnosed Ms. Kuturova-Pidgurskyy with a condition that allegedly renders her, for at least the next three months, "unable to engage in competitive participation in deposition and hearing required activities." Id. Although Ms. Kuturova-Pidgurskyy has not herself filed any letter or request for relief, the Court will construe Dr. Tulchinskiy's letter as a motion by Ms. Kuturova-Pidgurskyy to be excused from sitting for her deposition and attending the April hearing. Fed. R. Civ. P. 26(c)(1) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . .").

The Court allowed any Party wishing to be heard as to Ms. Kuturova-Pidgurskyy's availability to file a letter by March 20, 2015. In addition to publicly filing their motion for discovery, Plaintiffs filed under seal a supplemental letter that addressed Dr. Tulchinskiy's letter

---

[3] According to Plaintiffs, "[o]n information and belief, Mikhail Tulchinskiy is a PhD whose office address is a multi-disciplinary clinic that treats patients and seeks reimbursement pursuant to the No-fault Law." Pls. Supp. Letter at 1.

in more detail. Pls. Supp. Letter, ECF No. 409. Defendants have not filed any letter on this issue.

## II.     ANALYSIS

A person or party seeking a protective order bears the burden of demonstrating that there is good cause for such an order. See, e.g., Brown v. Astoria Fed. Sav. & Loan Ass'n, 444 F. App'x 504, 505 (2d Cir. 2011); John Wiley & Sons, Inc. v. Book Dog Books, LLC, 298 F.R.D. 184, 186 (S.D.N.Y. 2014); Graham v. City of New York, No. 08 Civ. 3518 (KAM) (RML), 2010 WL 3034618, at *3 (E.D.N.Y. Aug. 3, 2010); Uto v. Job Site Servs. Inc., 269 F.R.D. 209, 211 (E.D.N.Y. 2010); Duling v. Gristede's Operating Corp., 266 F.R.D. 66, 71 (S.D.N.Y. 2010). The movant must show a clearly-defined and significant harm. John Wiley & Sons, 298 F.R.D. at 186-87. "[T]he court ultimately weighs the interests of both sides in fashioning an order." Duling, 266 F.R.D. at 71. Federal Rule of Civil Procedure ("Rule") 26 "is not a blanket authorization for the court to prohibit disclosure of information whenever it deems it advisable to do so, but is rather a grant of power to impose conditions on discovery in order to prevent injury, harassment, or abuse of the court's processes." Bridge C.A.T. Scan Associates v. Technicare Corp., 710 F.2d 940, 944-45 (2d Cir. 1983) (emphasis omitted); see John Wiley & Sons, 298 F.R.D. at 187 (same).

Since the Court's October 27, 2014 Order designating Ms. Kuturova-Pidgurskyy as a material witness, she has taken several actions that suggest she does not intend to testify or to comply with this Court's Orders. She has proffered a myriad of changing excuses as to why she would be unable to appear. See Mot. for Discovery at 2. Just days after the Court admonished her that "any request based on medical reasons must be accompanied by a doctor's note," Order, Mar. 13, 2015, ECF, she presented a new medical excuse, never before revealed to Plaintiffs or

4

the Court, see Mot. for Discovery at 2, and tailored her responses specifically to the Court's request. The circumstances raise serious doubts as to the legitimacy of Ms. Kuturova-Pidgurskyy's purported diagnosis. Indeed, just two days after she was instructed that any request based on a medical condition must be accompanied by a doctor's note, she purportedly commenced treatment with Dr. Tulchinskiy. Within two days of beginning to treat Ms. Kuturova-Pidgurskyy, Dr. Tulchinskiy made his diagnosis and submission to the Court, without any reference to Ms. Kuturova-Pidgurskyy's medical history, tests performed or evaluation made in arriving at the purported diagnosis; without the inclusion of any underlying medical records; and without any reference to the start-date or onset of Ms. Kuturova-Pidgurskyy's purported illness or the alleged precipitating event. Rather than substantiating any previously diagnosed condition that might explain Ms. Kuturova-Pidgurskyy's past and present noncompliance, Ms. Kuturova-Pidgurskyy's medical note about her presently diagnosed condition lacked any indices of reliability and provided the Court with only a vague description of her condition and tentative prognosis.

Moreover, it is noteworthy that despite Ms. Kuturova-Pidgurskyy's repeated protestations that she cannot travel outside of Brooklyn to testify because she does not have child care,[4] Dr. Tulchinskiy's office is located in Forest Hills, Queens, a distance of approximately fifteen to twenty miles (if traveling by car) from Ms. Kuturova-Pidgurskyy's home in Brooklyn. It is also worth noting that, assuming Ms. Kuturova-Pidgurskyy continues to be treated by Dr. Tulchinskiy, he has recommended a three-month course of treatment which (assuming she is treated at the Queens office) would require further and repeated travel outside of Brooklyn. Dr.

---

[4] Of course, the spoliation hearing is scheduled to occur in Brooklyn, and if the location of the deposition were the only barrier to Ms. Kuturova-Pidgurskyy's participation, the Court might require the deposition to occur in Brooklyn at the courthouse or other location arranged by counsel.

5

Tulchinskiy fails to set forth what, if any, impact such travel would have on Ms. Kuturova-Pidgurskyy's health or on her ability to care for her child, her previously stated reason for being unable to travel.

In order to test the merits of Ms. Kuturova-Pidgurskyy's explanation, Plaintiffs are permitted limited discovery as to Ms. Kuturova-Pidgurskyy's purported medical condition, as it relates to her availability in this case. See Torres v. Levesque, 52 F. App'x 155, 156 (2d Cir. 2002) (upholding the dismissal of an action where the district court had "rejected [the plaintiff's] argument that his medical condition prohibited him from sitting for a lengthy deposition because he had provided no medical support for his claim"); cf. Burgie v. Euro Brokers, Inc., No. 05 Civ. 968 (CPS) (KAM), 2006 WL 845400, at *12 (E.D.N.Y. Mar. 30, 2006) (considering, in relation to a motion for sanctions against a plaintiff who failed to comply with the discovery schedule and other court orders, "the nature of the [plaintiff's alleged] illness and its impact on one's ability to comply with the Court's orders, and supporting evidence such as a sworn statement or other medical documentation to support the claim of illness"), aff'd, No. 05 Civ. 0968 (CPS), 2007 WL 1704178 (E.D.N.Y. June 12, 2007). Notwithstanding that Ms. Kuturova-Pidgurskyy has provided some evidence of a medical condition in the form of a doctor's note, in light of her sudden mention of a medical condition and the lack of detail in Dr. Tulchinskiy's letter, Plaintiffs should be allowed a full and fair opportunity to examine and challenge the claims of this material witness who is refusing to testify.

Moreover, Ms. Kuturova-Pidgurskyy has demonstrated throughout these proceedings a pattern of evasiveness and avoidance of appearing for Court-ordered depositions and spoliation hearings, such that her medical excuse is highly suspect and warrants further inquiry by the Court prior to any decision on her motion for a protective order.

6

Therefore, Plaintiffs' motion for discovery is **granted** to the extent that by March 30, 2015, Ms. Kuturova-Pidgurskyy is ordered to release and/or authorize Dr. Tulchinskiy's release of all medical records, treatment notes and findings related to the purported medical condition preventing her from testifying (the "Medical Records"). Mot. for Discovery at 4. On or before April 2, 2015, Dr. Tulchinskiy is ordered to produce the Medical Records to Plaintiffs by hand delivering or mailing them by overnight or certified mail to Plaintiffs' counsel, Sandra Burgos, Stern & Montana, LLP, Trinity Centre, 115 Broadway, New York, NY 10006. The Medical Records are deemed subject to the Confidentiality Agreement already entered into by the Parties. See ECF No. 350.

In addition, a hearing concerning Ms. Kuturova-Pidgurskyy's medical condition and ability to testify in this case is scheduled for April 8, 2015 at 10:30 A.M. in Courtroom 504 N of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, before Magistrate Judge Vera M. Scanlon. Plaintiffs and Ms. Kuturova-Pidgurskyy are ordered to attend in person. Ms. Kuturova-Pidgurskyy may have Dr. Tulchinskiy appear in person to testify on her behalf. If Dr. Tulchinskiy is going to appear, Ms. Kuturova-Pidgurskyy must give Plaintiffs and the Court at least two days' notice of her intent to have him appear. Thus, to the extent Plaintiffs sought to require Dr. Tulchinskiy's appearance, their motion is **denied**.[5] Finally, in light of the discovery hearing, the Court **defers** its decision as to Ms. Kuturova-Pidgurskyy's motion for a protective order.

**Ms. Kuturova-Pidgurskyy is again informed that her failure to comply with this Court's Orders may result in an award of monetary sanctions and/or her possible arrest by**

---

[5] In addition, to the extent Plaintiffs requested that Dr. Tulchinskiy's letter be unsealed as to case participants, that request is deemed moot as the letter has already been made available to case participants.

**the United States Marshals Service to ensure her appearance at the Court's hearings and/or depositions.**

Dated:  Brooklyn, New York
          March 25, 2015

                                                *Vera M. Scanlon*
                                                VERA M. SCANLON
                                         United States Magistrate Judge